And we will move to our eighth argument of the day. And that is Martin Xochitecatl-Cielo v. Pamela J. Bondi, the Attorney General of the United States. Good morning, Your Honors. Good morning. My name is Laz Pittman, and may I please the Court, Judge. Thank you for the opportunity to be here. This case, in this case, Appellant is arguing that the Immigration Court and thereafter the Board of Immigration Appeals ignored substantial evidence in the record, meritorious evidence that would have, if considered, at least rendered a good record for us to look at, a good decision for us to look at. Ms. Pittman, you did not timely appeal the underlying merits. Your appeal here is limited to the motion to reconsider. Do you understand that? Yes, Your Honor, although I was under the impression that once, that under Mata v. Lynch, and maybe I may be wrong, that under Mata v. Lynch, once you appeal the motion to reconsider, it automatically merges. No, our case law is clear in that you, if you only appeal the motion to reconsider, you are limited to what was raised in the motion to reconsider. You don't go back to the original merits determination or the original determination by the Board of Immigration Appeals. All right, Your Honor. Taking that into consideration, then let's look at the Board of Immigration, the decision of the Board of Immigration Appeals in my- The motion to reconsider. The motion to reconsideration, correct. Again, the first, when the Board of Immigration Appeals dismissed the original appeal, it rendered a decision that was pretty scant. It did not, it basically did not say, did not point to the facts of what the judge had said or anything like that. Therefore, we went ahead and filed a motion to reconsider. And the motion to, the decision on the motion to reconsider is also pretty scant. It also begs to question why the Board of Immigration Appeal only looked at the factors that the IJ had included, that the facts that the IJ had included. Now, I understand and we are not asking that the Board of Immigration Appeals re-evaluate or re-weigh the evidence that the judge had included in her decision. What we are asking is what kind of standard did the Board of Immigration Appeals use? Because I really am confused looking at the decision on the motion to reconsider. Looking at that decision, I'm wondering why didn't the Board of Appeals ask the judge, what did you do with the remaining evidence? What did you do with the evidence about the 12-year-old child being groomed, sexually groomed by a 23-year-old man? How can you, I mean, I just, I'm wondering why did the Board of Appeals, did the Board of Appeals look at all of the record? What kind of standard did it use? It sounds like you're going beyond the motion to reconsider now. You're going back to the original determination. Well, I guess what I'm asking is what standard did the Board use in its decision when it rendered a decision on the motion to reconsider? Here's the problem. I really think, going back to Judge Saineev's question, that if you have a client in this situation, you have to petition from the original denial. You're in a very difficult position when you don't petition from that denial and you're only petitioning from the reconsideration denial. And the reason for that is because after MATA, if you take a look at our case law, and I'll give you a good example, Lopez-Garcia v. Barr from 2020, 969 F. 3rd, 749. We have said that the only thing that we can consider is whether the Board's denial was without a rational explanation, was inexplicably departed from established policies, or rested on an impermissible basis. That's it. And it's very hard to look at this order because it is accompanied by reasons. It's not just a one-sentence denial. And then to figure out how that standard is met. But it is my understanding that when the Board reviews, if the Board in fact really did consider its decision and reviewed the immigration judge's order, then how can the Board of Immigration Appeals completely disregard the remainder of the record and not really, I mean, what standard did the Board of Immigration Appeals use when it reconsidered its previous decision that actually said nothing? Well, actually, Counsel, I have both orders here from the Board. And actually, the motion to reconsider order is actually more detailed. It is. It is. It did address some of the I.J.'s findings. So I don't see that it's scant, right? Correct. It actually, and I do agree, Judge, it actually does address the factors that the judge mentioned in its order. So the second order is much better. But then again, I have to, and maybe this is what you're pointing to, when it reconsidered its order, when the BIA went back and looked at the judge's order and said, okay, let me reconsider this, why and what standard did it use? The premise of that argument is that they're under a legal obligation to apply a standard. Where is the legal obligation coming from? Well, which standard did they use? Why do they have to? Did they use erroneous, clearly erroneous? Did they use de novo? But all they're doing is reconsidering what they did before, right? They're not in the first instance undertaking the review of the I.J.'s denial of the cancellation of removal. Again, that's why not petitioning from that has so boxed you in here. And if I can go back to the court's position about having to review the original, having to file an appeal to the I.J.'s order. In the new case of Riley v. Bondi that just came out, is the court saying that the first appeal was subject to a jurisdictional 30-day notice of appeal? Because as I understand, Riley v. Bondi, and maybe I'm wrong, Riley v. Bondi also said that the 30-day rule is not jurisdictional, but it is... It's a claims processing rule. Yes, claims processing rule. So I was also under the impression that that also extends this court's jurisdiction. In other words, I could not have appealed the motion to reopen. I could not have appealed the original judge's order until the motion to reopen was, I mean, the motion to reconsider was heard. So I was under the impression that Riley v. Bondi making this a claims processing rule does extend the 30 days of appeal from the first order. We'll address some of this when we resolve this petition. Okay. Thank you, Judge. You want to reserve any time for rebuttal after you hear from the government? Yes, Judge, one minute. Thank you. Okay. You're welcome. Mr. Leist, good morning. Thank you. May it please the Court, Jeffrey Leist appearing on behalf of the Attorney General. The Board acted within its broad discretion in denying the motion to reconsider, and that is the standard the Board has. It's a discretionary determination of whether or not an alien has presented an error of law or fact that would cause them to reconsider its prior decision. Now, this Court has held that that is a very high mountain to climb. You actually have to give the Board a reason to go back and reconsider its determination. The petitioner did not do so here. Briefly about the Riley issue, the petitioner is correct that it is no longer jurisdictional, the 30-day time period, but it is a mandatory claims processing rule. But Riley didn't do anything to overturn this Court and the Supreme Court's longstanding precedent that you have to file a petition of each order that you're seeking to challenge. The petition for review here only challenged the most recent order, so you can't even try and get like a backdoor saying, oh, well, I challenged everything in that one. So to the extent the petitioner is trying to make an equitable tolling argument this late in the stage, it's simply not applicable. If the Court has any questions about the actual denial of the motion to reconsider, I'd be happy to entertain them, but I feel that the issue has been pretty well covered in the brief. So if you want to challenge both the underlying denial of the cancellation and removal and the reconsider, the Board's reconsideration of its ruling, you file two petitions? Yep, you could have filed one. I believe it would have been in July of 2020-2014, and then after the motion to reconsider was denied, you would file a second one, and that's what Stone says, the Supreme Court's decision, that's 1252b-6, is then those petitions are consolidated before the Court. It's not like a preemptive consolidation. But under b-1, on the original 30-day period, the petition has to be filed within the 30 days. Correct. And if not, you're limited to challenging the reconsideration. Right, and that's the only one that was challenged. Even because if it's not jurisdictional, it's still a claims processing rule, which leaves it up to one's adversary to choose whether you're going to enforce it or not, and here the Attorney General chose to avail herself of the protections of the time limitation. Correct, Your Honor. We did file a 28-J to note that it was no longer jurisdiction and that to the extent it was applicable, we were not waiving the 30-day time period. Riley also, given when the clock starts ticking, seemed to cut back on the possibility of an appeal or review rather than expand it. That's correct, Your Honor. I mean, they didn't get into the issue of whether or not it could be told equitably, but at least from the majority's opinion, it suggests that it could not be told. Thank you. Okay, you're welcome. Anything further? One of the things in this situation was because the original BIA order was so scant, we really wanted to exhaust the remedies and ask the BIA, could you give us something so we know what you're thinking? And that is why, I mean, that is why we went the route of motion for reconsideration rather than a straight appeal because of the Board's immigration, the order of that, of the Board, the initial order was so scant. Thank you, Judge. You're quite welcome. Thank you. Thanks to you. Mr. Leese, thanks to you as well. We'll take the petition under advisement.